**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                (State)

Case number (*If known*): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Dr. Leonard's Healthcare, LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | Dr. Leonard's Healthcare Corp., Healthy Living |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 1 3 – 3 6 5 0 6 8 3 |

4. **Debtor's address**

**Principal place of business**

100 Nixon Lane
Number    Street

_____

Edison            NJ        08837-3804
City            State    ZIP Code

Middlesex County
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City            State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City            State    ZIP Code

5. **Debtor's website** (URL)    drleonards.com; carolwright.com; carolwrightgifts.com; carolwrightcatalog.com

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

Debtor  Dr. Leonard's Healthcare, LLC    Case number (*if known*)_____
       Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   
   4 5 9 9

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11. *Check **all** that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

Debtor   Dr. Leonard's Healthcare, LLC _____   Case number (*if known*)_____
          Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                                 MM / DD / YYYY
            District _____ When _____ Case number _____
                                 MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor  See attached Schedule 1    Relationship  Affiliate
           District _____    When _____
                                                          MM / DD / YYYY
           Case number, if known  _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                       Number      Street

    _____

    _____    ____  _____
    City                                   State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
             Contact name   _____
             Phone          _____

---

**Statistical and administrative information**

Debtor  Dr. Leonard's Healthcare, LLC _____    Case number (*if known*)_____
          Name

| 13. Debtor's estimation of available funds | Check one:<br>☐ Funds will be available for distribution to unsecured creditors.<br>☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|

| 14. Estimated number of creditors | ☒ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| 15. Estimated assets | ☒ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on  4/11/2023<br>        MM / DD / YYYY<br><br>✘ ___/s/ Stuart Noyes_____    Stuart Noyes_____<br>Signature of authorized representative of debtor    Printed name<br><br>Title  Chief Restructuring Officer |
|---|---|

Debtor  Dr. Leonard's Healthcare, LLC
           Name

Case number (if known)_____

**18. Signature of attorney**

✘ /s/ Derek C. Abbott
_____
Signature of attorney for debtor

Date  4/11/2023
       _____
       MM / DD / YYYY

Derek C. Abbott
_____
Printed name

Morris, Nichols, Arsht & Tunnell LLP
_____
Firm name

1201 North Market Street, P. O. Box 1347
_____
Number         Street

Wilmington                               DE           19899-1347
_____     _____     _____
City                                      State        ZIP Code

(302) 351-9357                           dabbott@morrisnichols.com
_____         _____
Contact phone                            Email address

3376                                     DE
_____         _____
Bar number                               State

## Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

  On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of AmeriMark Interactive, LLC.

  AmeriMark Interactive, LLC

  AmeriMark Intermediate Sub, Inc.

  AMDRL Holdings, Inc.

  AmeriMark Intermediate Holdings, LLC

  AmeriMark Direct LLC

  Dr. Leonard's Healthcare, LLC

  L.T.D. Commodities LLC

OMNIBUS ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OR BOARD OF MANAGERS
OF
AMERIMARK INTERACTIVE, LLC
AMERIMARK INTERMEDIATE SUB, INC.
AMERIMARK DIRECT LLC
L.T.D. COMMODITIES LLC
DR. LEONARD'S HEALTHCARE, LLC
AMERIMARK INTERMEDIATE HOLDINGS, LLC
AMDRL HOLDINGS, INC.

April 10, 2023

The undersigned, being all of the members of the Board of Directors or Board of Managers, as applicable (each, a "Governing Body"), of each entity set forth above (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions by unanimous written consent (these "Resolutions"), pursuant to such Company's limited liability company agreement and the Delaware Limited Liability Company Act, as amended and applicable, or the Illinois Limited Liability Act, as amended and applicable, or such Company's governing documents and the Delaware General Corporation Law, as amended and applicable, or the Illinois Business Corporation Act, as amended and applicable:

WHEREAS, on or about October 8, 2022, the Board of Directors ("AmeriMark Interactive Board") of AmeriMark Interactive, LLC ("AmeriMark Interactive"): (i) formed an independent committee of the AmeriMark Interactive Board (the "Independent Committee"); (ii) appointed Lawrence Gottlieb as the sole member of the Independent Committee; and (iii) delegated to the Independent Committee the authority to, on behalf of the AmeriMark Interactive Board, and as the Independent Committee deems appropriate or desirable in its discretion, take certain actions and bind AmeriMark Interactive;

WHEREAS, on or about January 14, 2023, John Kolleng was appointed to the AmeriMark Interactive Board and the AmeriMark Interactive Board appointed Mr. Kolleng as an additional member to the Independent Committee;

WHEREAS, on April 6, 2023, Bruce Crain was appointed to the AmeriMark Interactive Board;

WHEREAS, all members of the AmeriMark Interactive Board are independent and, therefore, the AmeriMark Interactive Board has unanimously concluded that there is no need for the Independent Committee and has temporarily suspended the Independent Committee's mandate;

WHEREAS, the Governing Body of each Company has reviewed the materials presented by, or on behalf of, such Company's management (such Company's "Management") and its financial, legal, and other advisors (collectively, such Company's "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of such Company, the strategic alternatives available to such Company, and the impact of the foregoing on such

31895331.3

Company's business and the business of such Company's affiliates;

**WHEREAS**, the Governing Body of each Company has had adequate opportunity to consult with its Management and Advisors regarding the materials presented, to obtain additional information and to fully consider each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, after consultation with its Management and its Advisors, has determined that it is in the best interests of such Company to conduct a sale process pursuant to section 363 of chapter 11 of title 11 of the United States Code, §§ 101-1532, *et seq.* (the "Bankruptcy Code") and to sell its assets to one or more potential bidders (the "Sale Transaction") and complete an orderly wind-down process;

**WHEREAS**, the Governing Body of each Company has determined, in the judgement of such Governing Body, that the following resolutions, as applicable, are advisable and in the best interests of such Company, its interest holders, its subsidiaries (if any), its creditors, and other parties in interest.

## Chapter 11 Cases

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of each Company and its creditors, and other parties in interest, that such Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**BE IT FURTHER RESOLVED**, that Stuart Noyes, as Chief Restructuring Officer ("CRO"), and Lance Reese, in his capacity as Chief Executive Officer (the "Authorized Persons"), are authorized, empowered, and directed, in the name of and on behalf of each Company to execute, verify and file all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefore and to obtain debtor-in-possession financing, and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with each of the Company's chapter 11 cases, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof; provided, however, that the Authorized Persons shall use their best efforts to obtain input from the Governing Bodies of the Companies with respect to material actions during the chapter 11 cases, including with respect to the Sale Process (as defined below);

## Debtor in Possession Financing

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company to enter into a senior secured, superpriority debtor in possession credit facility pursuant to the terms of the *Debtor-in-Possession Credit Agreement*, containing the terms substantially consistent with those presented to the Board (the "DIP Credit Facility"), and negotiate, execute, and file any related

motions, documents, or instruments, each on terms and conditions agreed to by each Company and the lenders and such other terms as are customary for similar debtor-in-possession facilities and to cause each Company to grant a security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby.

**Sale Process and Bidding Procedures Motion**

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to (i) file a motion (the "Bidding Procedures Motion") with the Bankruptcy Court to request, among other things, the Bankruptcy Court's approval of (a) the Sale Transaction, (b) the continuation of a marketing and sale process in the chapter 11 cases (the "Sale Process"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Bidding Procedures Motion (such bidding procedures, in the form approved by the Bankruptcy Court, the "Bidding Procedures"), (ii) execute and deliver an asset purchase agreement, and (iii) commence and implement the Sale Process.

**BE IT FURTHER RESOLVED**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to take any and all other actions as they may deem necessary or advisable to implement the Sale Process as contemplated by the Bidding Procedures.

**Retention of Advisors**

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ the law firm of McDonald Hopkins LLC as general bankruptcy counsel to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of McDonald Hopkins LLC.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ the firm of Morris, Nichols, Arsht & Tunnell LLP as co-counsel to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Morris, Nichols, Arsht & Tunnell LLP.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ Stuart Noyes of Riveron Management Services, LLC to provide CRO services and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Stuart Noyes and certain additional personnel employed by Riveron Management Services, LLC

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ Consensus Advisory Services LLC and Consensus Securities LLC ("Consensus") as financial advisor and investment banker to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Consensus.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ the firm of Stretto, Inc. as notice, claims, and balloting agent to assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Stretto, Inc.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ any other professionals, including attorneys, accountants, financial advisors, investment bankers, and tax advisors, necessary to assist the Companies in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 cases, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary.

**Other Authorizations and Ratification**

**BE IT FURTHER RESOLVED**, that the Authorized Persons, and any employees or agents

31895331.3

(including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to take any and all other actions as they may deem necessary or advisable to, in each Company's capacity as stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner, or member of any of the Companies to cause such Companies to execute, deliver, and perform any of the actions contemplated with respect to the chapter 11 cases and these Resolutions or the transactions contemplated hereby.

**BE IT FURTHER RESOLVED**, that all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by any Authorized Person or any director, employee, legal counsel, or other representative of or advisor to the Companies, in the name and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

**BE IT FURTHER RESOLVED**, that this Written Consent may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned have duly executed this written consent as of the date first above written.

**AMERIMARK INTERACTIVE, LLC**

BOARD OF DIRECTORS/BOARD OF MANAGERS

_Lawrence Gottlieb_
Lawrence Gottlieb

_John Kolleng_
John Kolleng

_Bruce Crain_
Bruce Crain

**AMERIMARK INTERMEDIATE SUB, INC.**
**AMERIMARK DIRECT LLC**
**DR. LEONARD'S HEALTHCARE, LLC**
**AMERIMARK INTERMEDIATE HOLDINGS, LLC**
**AMDRL HOLDINGS, INC.**

BOARDS OF DIRECTORS/BOARDS OF MANAGERS

_Lawrence Gottlieb_
Lawrence Gottlieb

_John Kolleng_
John Kolleng

_Lance Reese_
Lance Reese

Signature Page to Authorizing Written Consent

31895331.3

**L.T.D. COMMODITIES LLC**

                              **BOARD OF DIRECTORS/BOARD OF MANAGERS**

*/s/ Lawrence Gottlieb*
Lawrence Gottlieb

*/s/ John Kolleng*
John Kolleng

Signature Page to Authorizing Written Consent

31895331.3

**Fill in this information to identify the case:**

Debtor name _____**AmeriMark Interactive, LLC, et al**_____

United States Bankruptcy Court for the: _____ District of Delaware
                                                                            (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | AmeriMark Holdings, LLC<br>6864 Engle Road<br>Cleveland, OH 44130 | | Promissory Note | | | | $22,572,585.65 |
| 2 | LSC Communications, Inc.<br>2707 N. Eola Road<br>Aurora, IL, 60502-4812 | P: 844-572-5720 | Trade Debt | Disputed | | | $7,479,379.16 |
| 3 | Fedex<br>PO Box 371741<br>Pittsburgh, PA 15250-7741 | Geri Hamm<br>P: 440-773-8983<br>Email: geri.hamm@fedex.com | Shipper | | | | $5,788,247.32 |
| 4 | Clarus Commerce LLC<br>500 Enterprise Drive, Floor 2<br>Rocky Hill, CT | Beth Weiner<br>P: 860-358-9198, Ext. 117<br>Email: eweiner@claruscommerce.com | Trade Debt | | | | $2,844,161.13 |
| 5 | Central National Gottesman Inc.<br>c/o Lindenmyer Central,<br>a Divison of Central National Gottesman Inc.<br>Three Manhattanville Road,<br>Purchase, NY 10577-2123 | Eric Sullivan<br>P: 914-696-9300<br>Email: Esullivan@lindenmeyrcentral.com | Trade Debt | | | | $947,053.11 |
| 6 | Quad/Graphics Inc.<br>Quad International Headquarters,<br>N61 W23044 Harry's Way, Sussex, WI 53089 | Mark Marin<br>P: 917-697-2432<br>Email: mpmarin@quad.com | Trade Debt | | | | $909,096.95 |
| 7 | Lindenmyer Central,<br>a Divison of Central National Gottesman Inc.<br>Three Manhattanville Road,<br>Purchase, NY 10577-2124 | Eric Sullivan<br>P: 914-696-9301<br>Email: Esullivan@lindenmeyrcentral.com | Trade Debt | | | | $907,391.50 |
| 8 | Rich Pacific (H.K.) Limited 5/F,<br>Grand Industrial Building,<br>159-165 WO YI HOP Road,<br>Kwai Chungkwai Chung, Hong Kong, CN | Eric Alper<br>P: 631-236-4400, ext 104<br>Email: ealper24@aol.com | Trade Debt | | | | $885,859.76 |

Debtor Name      **AmeriMark Interactive, LLC, et al**       Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Ningbo Kandy Imp. & Exp. Co. Ltd. 11th Floor, Middle Unit, Building 2 Yangfan Plaza, High-Tech Dist Ningbo, CN 315040 | Email: nbkandy@gmail.com | Trade Debt | | | | $850,915.86 |
| 10 | Iterum Connections CALLE 26 96 J 66 OF 801 BOGOTÁ, 11,CO | Email: sales@iterumconnections.com | Trade Debt | | | | $814,992.60 |
| 11 | Integrated Marketing Solutions, Inc. 1112 7th Ave. Monroe, WI 53566-1364 | Katherine Frey P: 608-328-8481 Email: katherine.frey@imsdm.com | Trade Debt | | | | $805,563.12 |
| 12 | Beatrice Home Fashions, Inc. 151 Helen St South Plainfield, NJ 07080 | Email: PESTRELLA@BEATRICEHF.COM | Trade Debt | | | | $758,577.32 |
| 13 | Alpro International Co., Ltd 4/F No 168 Flushing N Rd Taipei, TW, 10030 | Edward Lin P: 011-8862-2718-0235 Email: edwardlin@alpro-intl.com.tw | Trade Debt | | | | $739,059.85 |
| 14 | Liberty Property Ltd Partnership 9700 W. Higgins Rd. Rosemont, IL, 60018 | | Landlord | | | | $671,980.92 |
| 15 | Leonard A. Feinberg Inc. 1824 Byberry Road Bensalem, PA 19020 | | Trade Debt | | | | $664,247.77 |
| 16 | Rapid Reward Fulfillment 2561 Territorial Road Saint Paul, MN 55114 | Email: developer@rapidrewardfulfillment.com | Trade Debt | | | | $649,838.80 |
| 17 | American Shipping Company, Inc. PO Box 1486 Englewood Cliffs, NJ 07632 | | Shipper | | | | $627,572.23 |
| 18 | Commission Junction Inc. 530 E Montecito St Santa Barbara, CA 93103-3245 | P: 805 730 8000 | Trade Debt | | | | $519,541.02 |
| 19 | Pem-America, Inc. 70 W 36th St, 2nd Floor New York, NY 10018 | Attn: Jewel Jiang P: 212-481-2141 Email: jewel.jiang@pemamerica.com | Trade Debt | | | | $511,467.04 |
| 20 | Deloitte & Touch LLP 111 S Wacker Dr Chicago, IL 60606-4302 | P: 312-946-3000 | Trade Debt | | | | $511,200.00 |

Debtor Name **AmeriMark Interactive, LLC, et al**     Case Number _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | In The Flow Design Ltd. Sage Inno Park, Nanshan Shenzhen, 190 518054 China | Attn: Bonnie Mak P: 011-86-755-8283-0883 Email: bonnie@intheflowdesign.com | Trade Debt | | | | $486,875.96 |
| 22 | Metropolitan Manufacturing Inc. 450 Murray Hill Parkway E. Rutherford, NJ 07073-2109 | Hank Blumenfeld P: Email: hank@metromfg.net | Trade Debt | | | | $469,735.08 |
| 23 | Ihp Tri-State Assets, LLC 75 REMITTANCE DR DEPT 6032 Chicago, IL 60675-6032 | Email: sales@tristateassets.com | Trade Debt | | | | $465,701.66 |
| 24 | Listrak, Inc. 100 W Millport Rd Lititz, PA 17543-9323 | Email: support@listrak.com | Trade Debt | | | | $463,197.95 |
| 25 | Great Time International Corp. ROOM 602, 6/F, Bldg C, Shum Yip U center, #743, ZhouShi Rd Baoan Dist.Shenzhen, 190 51812 China | Attn: Echo P: 011-158-1443-5206 Email: luecho2@gmail.com | Trade Debt | | | | $448,035.91 |
| 26 | PACGWL, LLC - Nixon Lane, Prologis 1800 Wazee St, Ste 500 Denver, CO 80202-2526 | | Landlord | | | | $440,916.54 |
| 27 | General Trade (International) Co. Room 1013 Kenning Industrial Building 19 Wang Hoi Road, Kowloon Bay, Hong Kong | Attn: Karen Hsieh P: 011-8862-2731-2443 Email: karen@generaltrade.com.tw | Trade Debt | | | | $422,678.50 |
| 28 | Shanghai Smart Direct LLC 2107 Greenbriar Dr., Ste A Southlake, TX 76092 | Attn: Toi Harden P: 972-841-2845 Email: toi@smartdirectint.com | Trade Debt | | | | $407,641.82 |
| 29 | Nassau Candy Distributors DBA Amuse 530 W John St Hicksville, NY 11801 | Attn: Chandler Pedersen P: 303-292-6364 Email: chandler.pedersen@amusemint | Trade Debt | | | | $383,591.11 |
| 30 | KGS Global Management Services 20/F., Rykadan Capital Tower Hong Kong | Email: info@kgssourcing.com | Trade Debt | | | | $362,934.53 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERIMARK INTERACTIVE, LLC, *et al.*,[1] | ) |
| | ) Case No. 23-_____ (___) |
| Debtors. | ) |
| | ) (Joint Administration Requested) |
| | ) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. Debtor AmeriMark Interactive, LLC, whose address is 6862 Engle Road, Cleveland, Ohio 44130-7910, is 100% owned by CSC Generation Holdings, Inc., whose address is 8450 Broadway, Merrillville, Indiana 46410.

2. Debtors AmeriMark Intermediate Sub, Inc., whose address is 8450 Broadway, Merrillville, Indiana 46410, is 100% owned by Debtor AmeriMark Interactive, LLC.

3. Debtor L.T.D. Commodities LLC, whose address is 8450 Broadway, Merrillville, Indiana 46410, is 100% owned by Debtor AmeriMark Interactive, LLC.

4. Debtor AMDRL Holdings, Inc., whose address is 8450 Broadway, Merrillville, Indiana 46410, is 100% owned by Debtor AmeriMark Intermediate Sub, Inc.

5. Debtor AmeriMark Intermediate Holdings, LLC, whose address is 8450 Broadway, Merrillville, Indiana 46410, is 100% owned by Debtor AMDRL Holdings, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification number (if applicable), are: AmeriMark Interactive, LLC (8556), AmeriMark Intermediate Sub, Inc. (0032), AMDRL Holdings, Inc. (8195), AmeriMark Intermediate Holdings, LLC (N/A), AmeriMark Direct LLC (9045), Dr. Leonard's Healthcare, LLC, (0683), and L.T.D. Commodities LLC (4665). The corporate headquarters and the mailing address for the Debtors is 6862 Engle Road, Cleveland, Ohio 44130-7910.

1

6. Debtor AmeriMark Direct LLC, whose address is 8450 Broadway, Merrillville, Indiana 46410, is 100% owned by Debtor AmeriMark Intermediate Holdings, LLC.

7. Debtor Dr. Leonard's Healthcare, LLC, whose address is 100 Nixon Lane, Edison, New Jersey 08837-3804, is 100% owned by Debtor AmeriMark Direct LLC.

**Fill in this information to identify the case and this filing:**

Debtor Name __Dr. Leonard's Healthcare, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement and List of Equity Security Holders and Consolidated Creditor Matrix__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __4/11/2023__
MM / DD / YYYY

✘ __/s/ Stuart Noyes_____
Signature of individual signing on behalf of debtor

__Stuart Noyes_____
Printed name

__Chief Restructuring Officer__
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**